# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

United States of America                                   Criminal Action No. 06-60056

versus                                                     Judge Tucker L. Melançon

David Randolph Yeager, Jr.                                 Magistrate Judge C. Michael Hill

## ORDER

Before the Court is defendant David Randolph Yeager, Jr.'s letter motion, *R. 37*,
requesting that the Court modify his sentence of imprisonment pursuant to 18 U.S.C. § 3582
(c)(1)(A), or alternatively, that the Court issue an order compelling the United States Bureau of
Prisons to comply with the Court's previous May 12, 2011 Order recommending the defendant
"be given credit for all of the time he was detained in state court, that being from the date of his
arrest on June 15, 2006 until present." *R. 33*.

Under the clear language of section 3582(c)(1)(A), a court may not modify a term of
imprisonment after its imposition unless the Director of the Bureau of Prisons moves the court to
do so. 18 U.S.C. § 3582 (c)(1)(A) (2012) ("the court, *upon motion of the Director of the Bureau
of Prisons*, may reduce the term of imprisonment . . . .") (emphasis added).

Neither can the Court order the Bureau of Prisons to give defendant credit for the time he
was detained in state court. "A person who has been sentenced to a term of [federal]
imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration
of the term imposed, or until earlier released for satisfactory behavior." § 18 U.S.C. 3621(a)
(2012). "The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if
any, will be awarded to prisoners for time spent in custody prior to the commencement of their
federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v.*

*Wilson*, 503 U.S. 329, 331-32, 334 (1992)).  In making this determination, the Attorney General must utilize 18 U.S.C. § 3585, which "determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." *Reno v. Koray*, 515 U.S. 50, 55 (1995).  The applicable Supreme Court jurisprudence makes clear that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *Wilson*, 503 U.S. at 335. As "Congress has indicated [by statute] that computation of the credit must occur after the defendant begins his sentence"–the period in which the Bureau of Prisons has custody over a defendant–the Court can only recommend–but not order–that the Bureau of Prisons give defendant Yeager credit for the time he was detained in state court. Accordingly, it is

**ORDERED** that the defendant's letter motion, *R. 37*, is **DENIED.**

Based on the record of this proceeding, and for the reasons stated in the Court's May 12, 2011 Order, the Court again recommends that the United States Bureau of Prisons give defendant Yeager credit for all of the time he was detained in state court, i.e., from the date of his arrest on June 15, 2006, until the date of the Court's May 12, 2011 Order.

**THUS DONE AND SIGNED** this 27th day of September, 2012 at Lafayette, Louisiana.

Tucker L. Melançon
UNITED STATES DISTRICT JUDGE